a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION

| | |
|---|---|
| ANDRE BURKE #41560-007,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-01509<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| USA,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 21) filed by Defendant, the United States of America. The Government seeks dismissal of a Complaint filed pursuant to the Federal Tort Claims Act ("FTCA") by pro se Plaintiff Andre Burke ("Burke"). Burke is currently incarcerated at the United States Penitentiary in Atwater, California, but he complains of an incident that allegedly occurred at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Because Burke states a plausible claim, the Motion to Dismiss should be DENIED.

I. Background

Burke alleges that on March 12, 2022, Officer Bordelon unsecured the food slot to collect Burke's food tray, and he asked if Burke had any trash. ECF No. 1-2 at 3. As Burke retrieve was placing the trash through the food slot, Officer Bordelon immediately secured the food slot crushing Burke's right hand and

1

fingers. *Id.* Burke alleges that Officer Bordelon ignored his requests for medical attention. *Id.*

Burke states that fellow inmates began yelling and kicking their cell doors to alert staff. ECF No. 1-2 at 3. Officer D. Johnson responded to the noise and pulled Burke out of his cell after he saw "an absurd about of blood" dripping from his hand. Burke alleges that Officer Bordelon observed the blood, apologized, and stated that it was an accident. Burke was escorted to the holding cell, and Officer Bordelon contacted medical staff. *Id.*

Burke was examined by Nurse Dean, who treated and documented Burke's injuries. Lieutenant Rene interviewed Burke, documented the incident, and took photos. Burke was returned to his cell with an ice pack for his finger. *Id.* Approximately 90 minutes later, Burke was pulled out of his cell and taken to an outside hospital. Burke received an x-ray on his hand, which was negative for broken bones or fractures. *Id.* at 4. Medical staff cleaned and bandaged his finger. Burke alleges that a nurse advised that his fingernails would come off due to "blood clots." Shortly after the visit, Burke was escorted back to USP-Pollock. *Id.* at 6.

Burke argues that Officer Bordelon's negligence caused pain and suffering including nerve damage and loss of feeling in both his middle and ring fingers. *Id.* at 4. Burke asserts that he lost his ring fingernail and now experiences sharp pain shooting through his fingers that prevents him from sleeping. *Id.* at 5. Additionally, Burke alleges that he had blood clots with massive swelling and now has the potential for future scars. Burke cites his inability to play physical sports

for some time due to the injuries. He is suing for general damages in the amount of $20,000. *Id.*

## II. Law and Analysis

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12. The standard for the adequacy of all complaints under Rule 8(a)(2) is the "plausibility" standard found in *Bell Atlantic Corp. v. Twombly* 550 U.S. 544 (2007), and its progeny. Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief can be granted. Courts must accept all factual allegations in the complaint as true. *See Iqbal*, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. *See id.* A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *See Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are

3

only obligated to allow those complaints that are facially plausible under the *Iqbal* and *Twombly* standard to survive such a motion. *See Iqbal*, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. *See id*.

Courts "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Courts should also "liberally construe" briefs filed by pro se litigants and "apply less stringent standards" to them. *United States v. Reece*, 938 F.3d 630, 633 n.2 (5th Cir. 2019) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam)).

The FTCA permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Chapman v. United States*, 353 F. App'x 911, 912 (5th Cir. 2009) (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)); *see also Fujita v. United States*, 416 F. App'x 400, 401 n. 1 (5th Cir. 2011) (citing 28 U.S.C. § 1346(b)).

Burke's negligence claim is governed by article 2315 of the Louisiana Civil Code, which establishes a general cause of action for negligence. In determining whether to impose liability under article 2315, a plaintiff must establish five elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the

defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008); *Lemann v. Essen Lane Daiquiris,* No. 2005–1095, 923 So.2d 627, 633 (La. 2006); *Long v. State ex rel. Dept. of Transp. and Dev.*, No. 2004–0485, 916 So.2d 87, 101 (La. 2005).

The Government acknowledges that Officer Bordelon owed a duty of care to close the food slot in a safe manner. ECF No. 21-1 at 5. It also admits that the risk of the harm Burke allegedly suffered "appears to have been within the scope of the afforded protection." *Id.* However, the Government argues that Burke has not established that the apparent breach was a cause-in-fact of the injuries he claims to have sustained. *Id.* Specifically, the Government argues that Burke is not entitled to a presumption of causation, and expert testimony is needed to establish a causal link between Officer Bordelon's actions and Burke's allegations of nerve damage and ongoing pain. ECF No. 21-1 at 7. The Government also argues that Burke "cannot prove damages." *Id.* at 8.

Burke's allegations and exhibits show that he suffered some injury when Officer Bordelon closed the food slot on his hand. The extent of the injury is unclear, but it required some medical attention. While a plaintiff must set forth specific facts by affidavit or other evidence to survive summary judgment, and "must ultimately support any contested facts with evidence adduced at trial," "[a]t the pleading stage, general factual allegations of injury resulting from the

5

defendant's conduct may suffice" because on a motion to dismiss, courts presume that "general allegations embrace those specific facts that are necessary to support the claim." *Bennett v. Spear*, 520 U.S. 154, 168 (1997) (citations and quotations omitted). Burke has stated a viable claim.

The Court's task is not to evaluate the plaintiff's likelihood of success, but to determine whether a claim is both legally cognizable and plausible. *Griffith v. Modular Sec. Sys. Inc.*, No. 2:20-CV-00521, 2021 WL 246041 at *1-2 (W.D. La. 2021). At this juncture, dismissal is unwarranted.

### III. Conclusion

Because Burke has stated a plausible claim, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 21) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, November 8, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE